UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SUZETTE GRAY,

                Plaintiff,

        -against-

V-TECH,

                Defendant.

23-CV-10504 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Suzette Gray, who is a resident of Queens County, New York, brings this *pro se* action under the court's diversity of citizenship jurisdiction, alleging that Defendant V-Tech, which is located in East Stroudsburg, Pennsylvania, defrauded her. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Middle District of Pennsylvania.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendant "promised [her] millions of dollars if [she] became a member and pa[id] the fee of $138.00." (ECF 1 ¶ III.) Plaintiff "sent in [her] application and the fee, but V-Tech never paid [her] any money. (*Id.*) Plaintiff provides an address for V-Tech in East Stroudsburg, Pennsylvania, and asserts that the alleged events giving rise to her claims occurred in Queens County, New York, and East Stroudsburg, Pennsylvania. Because Defendant is located in East Stroudsburg, Pennsylvania and the alleged events occurred in Queens County, New York, and East Stroudsburg, Pennsylvania, it is clear that venue is not proper in this court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in East Stroudsburg, Pennsylvania, located in Monroe County, which is in the Middle District of Pennsylvania. *See* 28 U.S.C. § 118. Accordingly, venue lies in the Middle District of Pennsylvania, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Middle District of Pennsylvania, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Middle District of Pennsylvania. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

3

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   December 8, 2023
         New York, New York

                                            /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                         Chief United States District Judge